**O. L. MILAM v. STATE OF FLORIDA**

35 So. (2nd) 723          June Term, 1948
June 15, 1948          Special Division A
Rehearing denied June 30, 1948

*Bentley & Shafer,* and *Oxford & Oxford,* for appellant.

*J. Tom Watson,* Attorney General, and *Ernest W. Welch,* Assistant Attorney General, for appellee.

CHAPMAN, J.:

The appellant, O. L. Milam, was informed against by the County Solicitor of Polk County, Florida, in two separate counts. In the Criminal Court of record of Polk County the information was number 6632. The first count charged O. M. Milam, on the 5th day of June, 1946, with forging the name of M. M. Launt on the back of a check drawn by the Atlantic Coast Line Railroad Company and made payable to the said M. M. Launt in the sum of $122.55. The second count charged O. M. Milam with falsely uttering and forging as true the aforesaid check to J. C. Penny Company and to Raymond P. Ammerman, Jr., which check was made payable to M. M. Launt, and obtaining the sum of $122.55 because of the forged instrument.

Information number 6633 was filed by the County Solicitor of Polk County, Florida, against O. M. Milam and charged that on the 15th day of June, 1946 he unlawfully altered and counterfeited a certain receipt for money, to-wit, a receipt for the delivery of pay checks of the Atlantic Coast Line Railroad Company, a true copy is attached and falsely making and counterfeiting the signature of M. M. Launt. For the purpose of trial the two cases were consolidated and upon trial resulted in verdicts of guilty under the two informations. A motion for new trial was denied and the defendant sentenced to serve a period of five years at hard labor in the State Prison, but the two sentences were to run concurrently. The defendant below appealed.

One of the questions argued here is the sufficiency of the evidence to sustain the verdict of guilty under the second count of information number 6632. It cannot be questioned

that the burden of proof under the law rested on the State to establish each material allegation of the three counts of the two informations. We have carefully studied the evidence offered by the State to prove that O. M. Milam uttered and forged as true the check issued by the Atlantic Coast Line Railroad Company and made payable to L. L. Launt in the sum of $122.55 to J. C. Penny Company and to Raymond Ammerman, Jr. The testimony of Raymond Ammerman fails to show that the appellant presented the alleged forged check to him for payment when he was a salesman in the Penny store. The young man took the check to his father for approval prior to payment and the testimony of the young man and that of his father failed to identify the appellant as the party presenting for payment the alleged forged instrument. The judgment as to the second count of information number 6632 must be reversed as the evidence is legally insufficient to support the verdict.

The judgment entered below under information number 6632 is hereby reversed for further proceedings but affirmed as to the judgment entered under information number 6633. It is so ordered.

THOMAS, C. J., ADAMS and BARNS, JJ., concur.